UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

YUN CHEN, QIN CHEN

          Petitioner-Plaintiffs

                              CIVIL ACTION NO.:

vs.

UNITED STATES OF AMERICA;
DEPARTMENT OF HOMELAND
SECURITY (DHS); KRISTI NOEM, as
secretary of DHS; UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICES (USCIS); UR JADDOU, as
director of USCIS.

          Respondents-Defendants.

_____/

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND PETITION FOR WRIT OF MANDAMUS

       Petitioner-Plaintiffs, Yun Chen ("Yun") and Qin Chen ("Qin"), by and through their undersigned counsel, sue the UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY (DHS); KRISTI NOEM, as secretary of DHS; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS); UR JADDOU, as director of USCIS.

## INTRODUCTION

1. This cause is brought to compel action in a Petition for Alien Relative, Spouse of a United States citizen (I-130) that have been pending for around twenty-two (22) months. The petition was filed and remained within the jurisdiction of Defendants, who have improperly withheld timely action on these petitions to lead Plaintiffs.

2. According to USCIS's historic case processing times in the past five years, it takes between ten and fourteen months for an I-130 petition to be processed. See **Exhibit A.** It has now been _twenty-two (22) months_ since the Plaintiffs made the petitions on April 26, 2023. **See Exhibit B.** Plaintiffs provided all necessary documentation to allow USCIS to adjudicate the I-130 but Defendants have yet to take action to move along Plaintiffs' case. The undue delay and improper withholding of statutorily mandated adjudication of

a pending petition present an ongoing violation of the Administrative Procedures Act ("APA", 5 U.S.C. § 555 *et seq.* and § 701 *et seq.*; the Immigration and Nationality Act ("INA"), INA §204(a) (8 U.S.C. § 1154(a)) and §245(a) (8 U.S.C. § 1255); and violations of Fifth Amendment Due Process.

3. Plaintiffs' rights are infringed by this undue delay because Plaintiffs have not received full processing of the pending I-130 petition, and this has caused further delay on pursuing the adjustment of status within the U.S. or pursuing an immigration visa outside the U.S.

## PARTIES

1. Plaintiff Yun became a United States citizen through naturalization on June 26, 2006, and resides in Braintree, Massachusetts. **See Exhibit C.**

2. Plaintiff Qin is Yun's spouse who resides in Braintree, Massachusetts.

3. The Defendants are (i) the United States of America (US), (ii) certain agencies of the United States, such as the Department of Homeland Security (DHS), which is an executive department of the United States Government, and the United States Citizenship and Immigration Services (USCIS), which is a bureau of the DHS, and (iii) federal officials sued in their official capacities employed by those agencies. These named officials have direct control and responsibility over the Plaintiffs' I-130 petition. KRISTI NOEM is the secretary of DHS, and UR JADDOU is the director of USCIS, thus both individuals have direct supervisory control over the individuals who are processing and considering Plaintiffs' petitions.

## JURISDICTION

1. Statutory Jurisdiction: This Honorable Court has jurisdiction over this matter based on several provisions. The court has federal-question jurisdiction under 28 U.S.C. § 1331, because Plaintiffs' claims arise under the laws of the United States, particularly the section of the Immigration and Nationality Act ("INA") dealing with the rights of U.S. Citizens to petition to establish a spousal relationship for relatives who wish to immigrate to the United States, which can help the beneficiary apply for permanent residence status as the husband of a U.S. Citizen. Additionally, it also concerns the rights of an alien who is physically present in the United States, who may apply for adjustment to that of a lawful permanent resident if the applicant is eligible to receive an immigrant visa, and the visa is immediately available at the time of filing of application *See* INA §245(a) (8

U.S.C. § 1255) (establishing the right of an alien to petition to establish a permanent residence if physically present in the United States and meets eligibility requirements); INA §204(a) (8 U.S.C. § 1154(a)) (establishing the right of any U.S. citizen to petition to establish a relationship with their alien relative); and 22 CFR § 40.1 (i)(1) (setting out alien relatives' entitlement to status after an approved petition to establish a relationship).

2. This Court also has jurisdiction under 28 U.S.C. §1361 (the Mandamus Act), which states that "The District courts shall have original jurisdiction of any action like mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." It also has jurisdiction in conjunction with 28 U.S.C. §1348 (the United States as a defendant), 28 U.S.C §1631 (All Writs Act); 28 U.S.C. §2201-2202 9 Declaratory Judgement Act); 5 U.S.C. §551 et seq. and §701 et seq. (Administrative Procedures Act and Rules 57 (Declaratory Judgements) and 65 (Injunctions) of the Federal Rules of civil procedure, permitting declaratory and injunctive actions.

## VENUE

1. Venue lies in this District, the United States District Court for the District of Massachusetts, under 28 U.S.C. §1391(e), which states, in pertinent part, that "a civil action in which a defendant is an officer or employee of the United States or any agency thereof… may… be brought in any judicial district in which (1) defendant in the action resides, [or] (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is at issue." Id. Moreover, the venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in the district.

## STATUTORY AND REGULATORY BACKGROUND

1. Form I-130, Petition for Alien Relative: Under federal immigration law, a U.S. citizen may file a petition to establish the existence of a relationship with certain alien relatives who wish to immigrate to the United States. An approved petition grants the beneficiary the opportunity to file for permanent residence as the relative of a US citizen, and in this case as the spouse of a U.S. citizen. *See* INA §204(a) (8 U.S.C. § 1154(a))**.** To establish the existence of a relationship, a U.S. Citizen must file a separate Form I-130 (Petition for Alien Relative) for each family member they wish to establish a relationship with. Yun

filed the I-130 petition on April 26, 2023, with all the evidence required to process the petition.

## FACTUAL ALLEGATIONS

1. Plaintiff Yun was born in 1983 in China. She resides in Braintree, Massachusetts.

2. Plaintiff Yun became a United States citizen through naturalization on June 26, 2006. **See Exhibit C**.

3. Plaintiff Qin was born in 1981 in China and resides in Braintree, Massachusetts. **See Exhibit D**.

4. Plaintiff Yun and Plaintiff Qin married on July 24, 2012, in Fairfax County, Virginia. See **Exhibit E**.

5. On April 26, 2023, Plaintiff Yun filed I-130, Petition for Alien Relative, for Plaintiff Qin. **See Exhibit B**.

6. The last update concerning the Plaintiffs' cases was on May 1, 2023, where the USCIS case status online shows that case is being actively reviewed by USCIS. **See Exhibit F.**

7. It has been twenty-two (22) months since the Plaintiffs made their petition, well past the historic processing times for an I-130.

## HARM THAT DEFENDANTS ARE CAUSING THE PLAINTIFFS

1. Plaintiffs have suffered and are suffering significant harm because of the Defendants' policies, procedures act, and/or failures to function as described in this Complaint. The Defendants' failure to adjudicate the Plaintiffs' petitions for twenty-two (22) months constitutes a failure to properly administer the petitions.

2. <u>Withholding of a statutorily supported application for a lawful resident</u>: Because the Plaintiffs' filed petition has not been adjudicated, the Plaintiffs are not receiving the full rights, privileges, and benefits to which they are entitled. Plaintiffs, in reliance on statutes that support U.S. citizens' right to petition their immediate relatives, promptly filed Form I-130 Petition for Alien Relative. The Plaintiffs filed the petition on April 26, 2023. The Plaintiffs have not received any further notices on the progress of this case since May 1, 2023, and therefore, Qin is unable to apply for permanent residence as the husband of a U.S. citizen.

3. <u>Infringement on Constitutional Rights.</u> The Plaintiffs' rights to due process of law and equal protection under the Fifth Amendment to the United States Constitution have been

and continue to be violated by the Defendants' failures, policies, and practices as described in this Complaint.

## CAUSES OF ACTION
### Count I
### Violation of Administrative Procedures Act, U.S.C. §555 *et seq.* and §701 *et seq*

1. The Plaintiffs incorporate paragraphs 1 through 20 as if fully stated in this Count.

2. Defendants' practices, policies, conduct, and failures to function as alleged in this Complaint violate the Administrative Procedures Act, 5 U.S.C., because:

   - An action (namely, the I-130) by an agency of the United States, i.e., USCIS, is being "unlawfully withheld or unreasonably delayed," now for more than twenty-two (22) months, well beyond the USCIS' processing times for this type of petition; as proscribed by 5 U.S.C. §706(1);

   - The agency's delay in adjudicating these applications is "arbitrary, capricious, [and] not by the law," as proscribed by 5 U.S.C. §706(2)(A); and

   - The agency's handling of this application has not been affected "with due regard for the convenience and necessity of the parties… and within a reasonable time," as required by 5 U.S.C. §555(b).

3. As a result, Plaintiffs have suffered irreparable and/or other harm, thereby entitling them to injunctive and other relief.

### Count II
### Mandamus, 28 U.S.C. §1361

1. Plaintiffs incorporate paragraphs 1 through 20 as if fully stated in this Count.

2. Defendants must administer and enforce the Immigration and Nationality Act (INA). *See* INA §103; 8 U.S.C. §1103 (regarding *inter alia* the duties of the Secretary of Homeland Security and United States Attorney General). Accordingly, the Defendants are responsible for an update on the Plaintiffs' petitions. This breach of the Defendants' duty is ongoing. Moreover, this breach of the Defendants' duty has <u>no foreseeable conclusion</u> and could be prolonged for months or even years into the future. Plaintiffs, therefore, have no remedy available to compel the Defendants to satisfy their statutory obligations except for this federal action.

3. As a result, Plaintiffs have suffered irreparable and/or other harm, monetary damages, and attorneys' fees, thereby entitling them to an injunction and other relief.

## Count III

## Violation of Aliens and Nationality Law

## 8 U.S.C. §1158(b)(3)

1. Plaintiffs incorporate paragraphs 1 through 20 as if fully stated in this Count.

2. Under federal immigration law, a U.S. citizen is entitled to petition to establish a relationship with their alien immediate relative. *See* INA §204(a) (8 U.S.C. § 1154(a). A U.S. citizen may petition to establish a relationship with any immediate relative, including their spouse. A spouse's application for permanent residence is reliant on this petition. *See* 22 CFR § 40.1 (h)(1).

3. To petition for their alien relative, a U.S. citizen must file a separate Form I-130. Yun filed Form I-130. Yun has provided all the evidence necessary to process this petition.

4. Defendants' practices, policies, conduct, and failures to function as alleged in this Complaint- namely, failing to timely adjudicate the Plaintiff's petitions – violate 8 U.S.C. §1158(b)(3). The violation of the law is most apparent in the scheduled notice from USCIS.

5. As a result, Plaintiffs have suffered and will suffer irreparable harm, thereby entitling them to injunctive and other relief.

## Count IV

## Declaratory Judgement, 28 U.S.C. §2201

1. Plaintiffs incorporate paragraphs 1 through 20 as if fully stated in this Count.

2. The Defendants' practices, policies, conduct, and failures to function as alleged in this Complaint are a violation of the federal regulations, a breach of the Defendants' statutory duties, and are unconstitutional, arbitrary, and capricious. Plaintiffs seek a declaration to that effect under 28 U.S.C. §2201 and declare that Defendants are compelled to adjudicate the Plaintiffs' I-130 petition in the next thirty (30) days.

## Count V

## Violation of the Fifth Amendment Due Process

## and Equal Protection Clauses

1. Plaintiffs incorporate paragraphs 1 through 20 as if fully stated in this Count.

2. The Defendants' practices, policies, conduct, and/or failures to function as alleged in this Complaint violate the Plaintiffs' right to substantive and procedural due process and equal protection of law protected by the Fifth Amendment to the United

States Constitution. Plaintiffs are protected by the Fifth Amendment and are guaranteed the enjoyment of due process with equal protection, based on the Plaintiffs' residence. Because of the delay by the Defendants in processing the petitions, the Plaintiffs have suffered a violation of due process rights.

3. As a result, the Plaintiffs have suffered irreparable and other harm, thereby entitling them to injunctive and other relief.

**RELIEF REQUESTED**

Wherefore, the Plaintiffs respectfully request that this Court:

1. Declare that the Defendants' acts and omissions as alleged in this complaint violate the Administrative Procedure Act, Federal Immigration Law, and the Due Process and Equal Protection Clauses of the Fifth Amendment;

2. Issue a writ of *mandamus* requiring that the Defendant United States and its agencies adjudicate the Plaintiffs' petitions within thirty (30) days;

3. Issue a preliminary and permanent injunction requiring Defendants to adjudicate the Plaintiffs' petitions within the next thirty (30) days; and

4. Grant such other relief as the Court deems just, equitable, and proper.

Respectfully submitted, this 26th day of March, 2025

/s/ Duo Liu
Duo Liu, Esq.
BBO #: 708809
Blumsack and Canzano, P.C.
112 Water Street, 3rd Floor.
Boston, MA 02109
Telephone: 857-990-9060
Email: dliu@mybostonlawfirm.com